Bruce B. FREEMAN, Appellant,

v.

**LEASING ASSOCIATES, INC., Appellee.**

No. 900.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 19, 1973.

Rehearing Denied Jan. 9, 1974.

Roger T. Yokubaitis, Brantly Harris, Prappas, Caldwell & Moncure, Houston, for appellant.

Arthur M. Glover, Jr., Iris Hefter Robinson, Hicks, Hirsch, Glover & Cochran, Houston, for appellee.

COULSON, Justice.

This is an appeal by writ of error from a default judgment entered against defendant Bruce B. Freeman, appellant, and for Leasing Associates, Inc., appellee.

This suit involves the breach of two leasing contracts, one for an automobile and one for machinery. Copies of both contracts were attached to appellee's petition in their entirety, setting forth the terms and monthly payments under the leases. The automobile lease provides, in a paragraph labeled "DEFAULTS": "In addition thereto, Associates shall be entitled to recover from the Lessee . . . court costs and attorneys' fees, incurred . . . in the enforcement . . . of its rights . . . hereunder." The second lease has a similar provision. The petition averred that appellant was in default on both leases but failed to specify when the breaches occurred. The combined sum of $5,075.03 was prayed for under the leases "(a)fter applying all charges provided for in said leases and allowing all credits and offsets due," plus $1,600.00 as "a reasonable attorney fee." By a document entitled "Statement of Facts" submitted on appeal, both parties agreed that "no facts were given in evidence" before the trial judge. The judgment awarded $4,075.03, plus $1,350.00 as "reasonable attorney fees."

The question presented is whether a claim in a default judgment is liquidated for the purpose of dispensing with proof under Rule 241, Texas Rules of Civil Procedure, when the amount of damages cannot actually be determined from the instrument sued upon and the facts alleged.

Appellant asserts that both the default award and the attorney's fees are unliquidated claims and not proved by the leases. Appellee argues that the claim under the leases was liquidated and that a court can assess reasonable attorney's fees without any evidence.

Rule 241, Tex.R.Civ.P., provides that after a default judgment has been taken on a liquidated claim proved by a written instrument, "damages shall be assessed by the court, or under its direction." Rule 243, Tex.R.Civ.P., provides that if a claim is unliquidated or not proved by a written instrument, the trial court must hear evidence as to damages.

The instant case presents a claim which objectively must be considered liquidated; the leases provide for stated monthly payments for specific terms, and the appellant at some point ceased to make the payments. A literal reading of Rule 241 would thus indicate that no hearing on damages was required. However, appellee's petition did not state when the default in payments occurred, but rather that appellee had made the proper calculations and was entitled to the stated lump sum. The issue thus is whether a seemingly liquidated claim is unliquidated for the purposes of Rules 241 and 243 when the petition alleges insufficient facts.

The long-accepted definition of a "liquidated" claim under Rule 241 is a demand for an amount "which has been ascertained or settled by agreement of the parties or otherwise." Western Lumber Co. v. Chicago, R. I. & G. Ry. Co., 180 S.W. 644, 646 (Tex.Civ.App.—Amarillo 1915, no writ). Such a broad definition is hardly decisive, but at least two courts have said that a claim in a default judgment was liquidated because a court or its clerk could make an "accurate calculation" of the amount from the facts alleged in plaintiff's petition. Williamson v. City of Eastland, 65 S.W.2d 774, 775 (Tex.Civ.App.—Eastland 1933, no writ); Buttrill v. Occidental Life Ins. Co., 45 S.W.2d 636, 639 (Tex.Civ.App.—Dallas 1931, no writ). The original statutory predecessor of Rule 241 stated that "the judge or clerk shall assess the damages." Tex.Laws 1846, An Act To Regulate Proceedings in the District Courts § 24, at 370, 2 H. Gammel, Laws of Texas 1676 (1898). The Texas Supreme Court held under that statute that, when a default judgment was taken, the clerk was to ascertain the amount due from the writing, and the trial judge was to assess that sum as damages even if it were a lesser sum than prayed for in the petition. Holland v. Cook, 10 Tex. 244 (1853).

 From these authorities, it is manifest that a literal reading of Rule 241, by which an objectively liquidated claim would dictate no hearing on damages, would defeat the original purpose of the rule. Under Rule 241 a claim is liquidated if the amount of damages can be accurately calculated by the court, or under its direction, from the allegations contained in plaintiff's petition and the instrument in writing. To hold otherwise would mean that there would be no check upon the accuracy of a plaintiff's claim in a default proceeding.

■ The terms of the leases entitled appellee to attorney's fees actually "incurred," although this provision must necessarily be construed to set a maximum amount of what is reasonable. The leases do not merely provide for an award of reasonable attorney's fees. Attorney's fees are by their very nature unliquidated unless the exact amount is fixed by agreement. Rule 243, Tex.R.Civ.P., therefore requires evidence to be heard on the amount to be awarded as attorney's fees in this default judgment.

Reversed and remanded for a hearing on damages.