**Norman WELLS, Individually and doing business as Norman Wells Constructors; Club Casino, Inc., Appellants,**

v.

**SOUTHERN STATES LUMBER AND SUPPLY COMPANY, Appellee.**

**No. A14–86–352–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 6, 1986.

James A. Gieseke, Houston, for appellants.

William A. Petersen, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a default judgment entered in favor of appellee, Southern States Lumber and Supply Company, in a suit to recover damages for lumber and building materials furnished to appellants. In two points of error appellants complain that: (1) the trial court erred in granting a default judgment; and (2) the trial court abused its discretion and erred in denying appellants' motion for new trial. We affirm.

Appellee filed suit against appellants. Appellee was unsuccessful in obtaining service on appellants and filed its motion and order for substituted service. Appellants filed a motion to quash service of citation. Appellee did not contest the motion and an order quashing citation as to both appellants was entered on September 16, 1985. When no further pleadings were filed by appellants, a default judgment in favor of appellee was entered by the court on February 3, 1986. Appellants received postcard notice of the default judgment and filed a motion for new trial which was denied by the trial court.

■ In their first point of error appellants complain that the trial court erred in granting a default judgment for the reason that appellants never received notice of a hearing on the default judgment. Appellants' first point of error is without merit. They were not entitled to notice. Tex.R. Civ.P. 122 states:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be

deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him. *Id.*

The record indicates that after service of citation was quashed appellants failed to appear and answer within the time stated in Rule 122 (more than four months passed from the date service of citation was quashed to the date the default judgment was entered). According to Rule 122, default judgment was proper and no notice was required. Point of error No. 1 is overruled.

In their second point of error appellants complain that the trial court abused its discretion and erred in denying their motion for new trial.

*Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), provides the basic rules governing the setting aside of a default judgment and the granting of a new trial. The basic rule provides that:

> [a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines*, 133 S.W.2d at 126. The general rule is that it is within the discretion of the trial court to decide whether the facts of the case warrant vacation of the default judgment and the granting of a new trial. *See Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986).

Appellants claim that their failure to file an answer was not intentional or the result of conscious indifference, but was due to mistake or accident. Appellants argue that subsequent to the signing of the order quashing service, they attempted to obtain new counsel and their past counsel was of the opinion that new counsel would be ob-

tained and handling the matter. Consequently, appellants received no notice regarding the case until they were informed, by postcard, that a default judgment had been rendered. Appellants were unaware of the responsibility to file answers once service of citation had been quashed.

■ Appellants' contentions are insufficient to show that their failure was not the result of conscious indifference. At the time the order quashing citation was signed, appellants were represented by counsel. Approximately two months before the default judgment was rendered, appellants' counsel filed a motion to withdraw as attorney of record. Appellants offer no reasonable explanation of why former counsel failed to file an answer in the case or why they failed to retain new counsel sometime before the default judgment was rendered. Appellants have failed to show that their failure to file an answer was not intentional or the result of conscious indifference.

It is unnecessary for us to consider whether appellants met the other requisites set forth in *Craddock* because they have failed to establish the essential requirement that their failure was not intentional or the result of conscious indifference. Appellants' second point of error is overruled.

The judgment is affirmed.