**In the Matter of T.R.S., a Juvenile, Appellant.**

No. 10–95–298–CV.

Court of Appeals of Texas, Waco.

Oct. 23, 1996.

A. Lee Harris, Moore & Harris, Whitney, for appellant.

Mark F. Pratt, County Attorney, Hillsboro, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant, T.R.S., a juvenile, was adjudged delinquent and committed to the Texas Youth Commission until the age of 21. TEX. FAM.CODE ANN. §§ 54.03(a),(h), 54.04(d)(2) (Vernon 1996).[1] On appeal T.R.S. raises three points of error: (1) the trial court erred in applying Texas law, instead of Oklahoma law, in determining the admissibility of evidence and T.R.S.'s confession; (2) in the alternative, the trial court erred in its application of Texas law in determining the admissibility of evidence and T.R.S.'s confession;

and (3) the trial court erred in admitting evidence and T.R.S.'s confession which was obtained in violation of his constitutional due-process rights.

The facts of the case are undisputed. On August 8, 1995, T.R.S., a sixteen-year-old juvenile, and Andy Walter Mabee, a seventeen-year-old adult, escaped from Brookhaven Youth Ranch in McLennan County. The pair subsequently committed several offenses, the first being the theft of a vehicle in Hill County. They were eventually apprehended by local police in Marietta, Oklahoma. Lieutenant Joe Bob Thompson of the Marietta Police Department contacted Gary Reeves at Brookhaven Youth Ranch, informing him the boys were in custody. Reeves notified Lieutenant Coy West of the Hill County Sheriff's Department. After being informed that Oklahoma law prevented an Oklahoma police officer from questioning a juvenile without having the juvenile's parents present, Lieutenant West indicated that he, a Texas police officer, would question T.R.S. via telephone. Prior to the telephone interrogation, Lieutenant Thompson advised T.R.S. of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), and T.R.S. signed a form waiving those rights. During the telephone interrogation, T.R.S. made inculpatory statements regarding the theft of the vehicle in Hill County and other offenses committed outside Hill County. T.R.S. was thereafter transported back to Hill County where he signed a written statement substantiating the material facts of his oral confession.

■ In his first point of error, T.R.S. maintains the trial judge erred in applying Texas law, instead of Oklahoma law, in determining the admissibility of his confession and evidence derived from it. He contends that, had Oklahoma law been applied, his confession would have been inadmissible at his adjudication hearing because the confession was obtained in violation of Oklahoma law.

---

1. The Family Code underwent extensive reconstruction during the 1995 legislative session. The changes applicable to this case went into effect January 1, 1996. However, T.R.S. committed the acts giving rise to this action prior to that date.

■ Proceedings against juvenile offenders are civil, not criminal, in nature. Act of June 16, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex.Gen.Laws 1460, 1466 (amended 1995) (current version at TEX.FAM.CODE ANN. § 51.13(a) (Vernon 1996)); *see also In re Gault,* 387 U.S. 1, 49, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527 (1967). Both T.R.S. and the State concede that in civil cases the law of the forum governs procedural matters. *See e.g. Penny v. Powell,* 162 Tex. 497, 347 S.W.2d 601, 602 (1961). However, T.R.S. urges this court to ignore this traditional rule of law and adopt a situs approach in situations where a person's federal constitutional rights are affected. We decline to do so.

The Court of Criminal Appeals was faced with a similar situation in *Burge v. State,* 443 S.W.2d 720, 722 (Tex.Crim.App.), *cert. denied,* 396 U.S. 934, 90 S.Ct. 277, 24 L.Ed.2d 233 (1969). In *Burge,* while the appellant was confined in a Tulsa, Oklahoma jail, Dallas and Tulsa police officers, with the consent of the appellant's wife, conducted a search of his house in Oklahoma, seizing evidence used to convict him. *Id.* The appellant argued that had Oklahoma law been applied the search and seizure would have been illegal. *Id.* Under Oklahoma law, one spouse cannot consent to a search of premises occupied by both spouses, whereas Texas law allows a search where the consent of one spouse is given. *Id.* at 722–23. Despite the appellant's argument that the issue was constitutional in nature, the court found the search and seizure to be procedural and applied the law of the forum, Texas, in determining if the search and seizure were illegal. *Id.* at 723. The court subsequently held that no Texas law had been violated and the evidence seized during the search was admissible. *Id.*

*Burge* is analogous to the case at bar. T.R.S. alleges that his confession was obtained in violation of Oklahoma law. In applying *Burge* to the present case, we find, like the search and seizure conducted by Texas officers in Oklahoma, the telephone interrogation of T.R.S. by a Texas officer was procedural in nature. Consequently, the trial court was correct in applying Texas law to determine if T.R.S.'s confession and evidence derived from it was admissible. T.R.S.'s first point is overruled.

In his second point of error, T.R.S. argues the trial court erred in admitting his confession and evidence derived from it because the confession was obtained in violation of sections 52.02(a) and 51.09(b) of the Family Code. TEX.FAM.CODE ANN. § 52.02(a) (Vernon 1996); Act of June 15, 1991, 72nd Leg., R.S., ch. 593, § 1, 1991 Tex.Gen.Laws 2129, 2129–30 (amended 1995) (current version at TEX.FAM.CODE ANN. § 51.09(b) (Vernon 1996)).

■ First, we conclude T.R.S.'s argument that his confession was obtained in violation of section 52.02(a) was waived. To preserve error for appellate review, the complaining party must have raised his complaint in the form of an objection, request or motion in the trial court and obtained a ruling. TEX. R.APP.P. 52(a); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995). Additionally, the point of error must correspond to the motion made at trial. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.), *cert. denied,* 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). In other words, a motion which states one legal theory cannot be used to support a different legal theory on appeal. *Broxton,* 909 S.W.2d at 918. Despite his complaint on appeal, T.R.S. did not raise the issue that his confession was taken in violation of section 52.02(a) in his motion to suppress. Consequently, we hold that T.R.S.'s complaint on appeal does not comport with the motion he made at trial; therefore, T.R.S. failed to properly preserve error. *See id.; see also Webb v. State,* 899 S.W.2d 814, 819 (Tex.App.—Waco 1995, pet. ref'd.).

■ Secondly, we conclude T.R.S.'s argument that his written confession was inadmissible at the adjudication hearing because the confession was taken in violation of section 51.09(b) is also waived. The appellant is required to provide the appellate court with a sufficient record which shows error requiring reversal. TEX.R.APP.P. 50(d); *O'Neal v. State,* 826 S.W.2d 172, 173 (Tex.Crim.App. 1992); *see also Coy v. State,* 879 S.W.2d 960, 961 (Tex.App.—Waco 1994, no pet.) (where appellant failed to make videotape of the crime part of the record, he waived any complaint of sufficiency of the evidence); *Hall v. State,* 829 S.W.2d 407, 410 (Tex.

App.—Waco 1992, no pet.) (where videotape is not made part of the record, appellant waived any error regarding the admission of statements contained on the videotape which were not recorded by court reporter). The written confession, which T.R.S. complains was erroneously admitted into evidence, appears nowhere in the record. Additionally, T.R.S. was once again required to make a specific objection to the admission of the written confession to the trial judge. Tex. R.Crim.Evid. 103(a)(1); Tex.R.App.P. 52(a); *see also Broxton,* 909 S.W.2d at 918; *Webb,* 899 S.W.2d at 819. Not once during the suppression hearing or during the re-urging of his motion to suppress at the adjudication proceeding did T.R.S. raise a complaint that the written confession was taken in violation of section 51.09(b). Consequently, because T.R.S. did not properly preserve the alleged error for review, we will not address the merits of T.R.S.'s second point.

█ In his third point of error, T.R.S. alleges the trial court erred in denying his motions to suppress his oral statement and all evidence derived from it because his oral statement was taken in violation of his federal due-process rights. Specifically, T.R.S. contends that his oral statement was not voluntarily given to Lieutenant Coy West during the telephone interrogation.

█ "A statement is 'involuntary,' for the purposes of federal due process, only if there was official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App.1995); *see also Miranda,* 384 U.S. at 464–65, 86 S.Ct. at 1623. In holding the right against self-incrimination applies to juveniles to the same extent it applies to adults, the United States Supreme Court has added an extra caution when incriminating statements made by a juvenile are offered into evidence. *In re Gault,* 387 U.S. at 55, 87 S.Ct. at 1458. The Court held that if counsel is not present when the juvenile makes a statement, "[T]he greatest care must be taken to assure that the admission

was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair." *Id.* This admonishment seems to place a more stringent burden on the State to prove, by a preponderance of the evidence, the juvenile's statement was given voluntarily. *See Alvarado,* 912 S.W.2d at 211; *see also Colorado v. Connelly,* 479 U.S. 157, 169, 107 S.Ct. 515, 522–23, 93 L.Ed.2d 473 (1986). However, the trial court is still the sole judge of the admissibility of the statement, and the trial court's finding will not be disturbed on appeal absent a clear abuse of discretion. *Alvarado,* 912 S.W.2d at 211; *Alvarado v. State,* 853 S.W.2d 17, 23 (Tex.Crim.App.1993).

There is no evidence in the record of any coercion used by either Lieutenant West or Lieutenant Thompson in obtaining T.R.S.'s oral statement. The State admitted into evidence, without any objection from T.R.S., a copy of the waiver of rights form signed by T.R.S. at the Marietta, Oklahoma Police Department and a copy of Lieutenant West's police report of the interrogation stating that Lieutenant Thompson advised T.R.S. of his rights and that T.R.S. signed the waiver form prior to speaking to Lieutenant West.[2] Additionally, the fact that Lieutenant West was questioning T.R.S. by telephone, rather than in person, lends further support that T.R.S. made the oral statement voluntarily. By its very nature, a telephone interrogation is less intrusive than a face-to-face interrogation where the suspect is in a closed room, confronted by one or more armed police officers. Viewing the evidence in the light most favorable to the trial court's ruling, we discern no abuse of discretion in the trial court's finding T.R.S.'s oral statement admissible. *See Upton v. State,* 853 S.W.2d 548, 553 (Tex.Crim. App.1993); *Stiles v. State,* 927 S.W.2d 723, 729 (Tex.App.—Waco 1996, no pet.) T.R.S.'s third point of error is overruled.

The judgment is affirmed.

---

**2.** T.R.S. makes no argument that he was not properly advised of his rights. In fact, at the suppression hearing, T.R.S. conceded he was given *Miranda* warnings prior to making his statement. *See Miranda v. Arizona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).