# NO. 12-23-00069-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOBY HALDEMAN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 354TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THOMAS POSEY,*<br>*APPELLEE* | *§* | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Toby Haldeman, challenges the trial court's no-answer default judgment in favor of Appellee, Thomas Posey. In three issues, Haldeman argues that (1) the trial court erred by denying his motion for new trial; (2) the evidence supporting the award of damages to Posey was legally and factually insufficient; and (3) the evidence supporting the award of attorney's fees to Posey was legally and factually insufficient. We reverse and remand for a new trial.

### BACKGROUND

Posey filed suit against Haldeman on August 26, 2022, asserting that he and Haldeman "entered into a series of business dealings that resulted in co-ownership" of an excavator, farm tractor, batwing mower, skid steer track loader tractor, and a dump trailer. Posey pleaded that he and Haldeman agreed as follows: (1) they would use the equipment for various jobs "with the understanding that all proceeds earned would be split evenly after business expenses," (2) Haldeman would "have entities formed that would own and manage the use of the equipment and account for all proceeds earned[,]" (3) Posey would be allowed to use and access the equipment "as a one-half owner[,]" and (4) Posey would provide labor on various projects, for which Haldeman agreed to pay Posey $20 per hour.

Posey asserted that he paid $65,000 for the equipment and attached copies of Bitcoin ledgers memorializing the transaction. Posey also alleged that he provided Haldeman with labor during October and November of 2021, and he attached copies of his text message to Haldeman regarding the dates of the labor he performed and the number of hours he worked.[1] Posey alleged that Haldeman failed to (1) provide an accounting regarding the proceeds of the equipment, (2) pay Posey his share of any profits, (3) form an entity to own and manage the equipment, (4) pay Posey for his labor, and (5) allow Posey to use the equipment. Posey asserted causes of action for breach of contract, quantum meruit, common law fraud, fraudulent inducement, conversion, and partition, and he requested damages in the amount of $65,000 for breach of contract and quantum meruit, as well as attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

Haldeman did not file an answer, and Posey eventually filed a motion for default judgment on December 30. With his motion, Posey filed his affidavit, in which he averred, in pertinent part, that (1) the parties agreed to co-own the equipment, (2) Haldeman would pay Posey $20 per hour for his labor, (3) he paid Haldeman $65,000 in Bitcoin, (4) he provided Haldeman with labor, and (5) Haldeman failed to pay Posey for his labor and his share of profits. Posey's motion also included an affidavit from his attorney, Brent Money, regarding the amount of attorney's fees and costs incurred, which Money avers were reasonable and necessary.

On January 4, 2023, trial court signed a default judgment in favor of Posey, which awarded Posey actual damages of $161,000 for breach of contract, quantum meruit, and common law fraud, as well as "reasonable and necessary costs and attorney's fees" in the amount of $8,570. In its judgment, the trial court also ordered that Haldeman and Posey each owned a 50% share of the equipment, determined that the equipment is susceptible to partition, and ordered that the equipment be sold within sixty days and "that the proceeds of such sale go to the parties based on their respective ownership shares in the [e]quipment, with the amount due to Haldeman as a result of this partition be[ing] used to satisfy the other amounts owed to Posey in this judgment."

Haldeman filed a motion for new trial on grounds that he failed to file an answer due to mistake or accident, he has a meritorious defense, and granting a new trial would not cause delay or injure Posey. In an attached affidavit, Haldeman averred that he was served with process on

---

[1] Posey's text message to Haldeman indicates that he provided labor on October 16, 17, 18, 21, 22, 23, 25, and 29, and November 1 and 10.

October 20, 2022, and he believed the deadline for filing his answer was November 14, 2022. After Haldeman was served, he made an appointment with Money and averred as follows regarding said meeting:

> When I met with Mr. Money, we discussed the arrangement with [Posey]. I discussed with him the money that I believe was owed to me and the facts leading up to our disagreement. Mr. Money represented to me that he was going to call [Posey] and discuss a potential settlement. He told me that it sounded like we could settle the lawsuit. When I left Mr. Money's office, I understood that Mr. Money was going to call me back with an offer to settle the lawsuit. He had asked me what I wanted to settle the matter. I asked Mr. Money what I should do with the Petition. He told me not to worry about it and looked at an employee in his office and directed her to put the lawsuit on hold. I understood that the case would be on hold while we were attempting to settle it. I did not hear back from Mr. Money, but since it was during the holidays, I assumed that we could resume discussions after the new year. I did not retain an attorney to represent me or file an answer since I thought we were working out a settlement. I did not know a default judgment had been taken against me until my attorney checked the Court records and discovered the default judgment on January 27, 2023.

Haldeman also averred that he agreed to sell Posey a one-half interest in the skid steer, farm tractor, and excavator for $65,000, and that he would hire Posey to operate the equipment "at the hourly rate of $20.00 per hour and divide the profits from jobs performed with the equipment 50/50." In addition, Haldeman contended that Posey breached the parties' agreement when he "failed to operate the equipment after working only [ten] days" and used the equipment for his personal benefit without compensating Haldeman for its fair rental value. Moreover, Haldeman asserted that he purchased "a new Can Am UTV" for Posey with the understanding that Posey would reimburse him, and that Posey purchased a truck from him but failed to pay him for it. Haldeman asserted that he "is entitled to an offset for the cost of the Can Am UTV, the Ford truck, and for the reasonable rental value for [Posey]'s use of the equipment." Haldeman further stated in his motion for new trial that he is willing to reimburse Posey for any reasonable expenses incurred in obtaining the default judgment and states that he is "willing to go to a final trial in this cause as soon as the Court is available."

In his response to Haldeman's motion, Posey contended that Money told Haldeman his answer was due on November 14, but Money agreed to extend the answer deadline to November 21 to allow additional time for negotiations. Money's paralegal filed a letter with the trial court clerk confirming a one-week extension of time for Haldeman to file an answer. Posey pointed out in his response that he waited more than fifty days after Money met with Haldeman and thirty-nine days after the extended answer deadline before seeking a default judgment, and he asserted that Haldeman never contacted him or Money to attempt to settle the case or request additional

time to answer. Posey argued that Haldeman's failure to answer was either intentional or the result of conscious indifference. In addition, Posey contended that Haldeman failed to set up a meritorious defense, and he maintained that the Can Am UTV and Ford truck pertained to separate, unrelated contracts. Posey further contended that a new trial would cause delay and injure him because "he is ready to proceed with executing [his] judgment" and he incurred significant attorney's fees to obtain and defend the default judgment.

Attached to Posey's response as exhibits were affidavits from Money and Money's paralegal, Cheston Henry. In his affidavit, Money averred that he met with Haldeman on Wednesday, November 9, 2022, and Haldeman informed him that he was willing to pay Posey, but he did not know the precise amount he owed him, so Money suggested that Haldeman "gather his documents, figure out what he thinks he owes Mr. Posey, and come back to my office to make a settlement offer before the end of the week." Money averred that he reminded Haldeman that his answer was due the following Monday, and Haldeman stated that if the case did not settle, he would not have enough time to hire an attorney and file an answer. Money also averred that he agreed to give Haldeman a one-week extension of time to answer, so he instructed Henry to update the calendar accordingly, and Henry filed a letter with the court confirming that the parties agreed to extend Haldeman's deadline to answer to November 21, 2022. According to Money's affidavit, Haldeman never contacted his office after he left, "either to provide a settlement offer or to confirm whether the answer date had been extended." Henry averred that Money met with Haldeman on November 9, Money agreed to give Haldeman a one-week extension of time to file an answer, and Henry filed a notice of the one-week extension with the court. In addition, Henry averred that Haldeman never returned to the office and did not contact Money's office regarding settlement or any extension of time to answer.

After conducting a hearing on Haldeman's motion for new trial, during which Haldeman did not introduce additional evidence, the trial judge signed an order denying Haldeman's motion for new trial. This appeal followed.

## DENIAL OF MOTION FOR NEW TRIAL

In issue one, Haldeman argues that the trial court erred by denying his motion for new trial because his failure to file a written answer was due to mistake or accident and was not intentional

or the result of conscious indifference, he had a meritorious defense, and granting a new trial would not injure Posey.  Because issue one is dispositive, we consider it first.

**Standard of Review and Applicable Law**

We review the denial of a motion for new trial for abuse of discretion. ***Dolgencorp of Tex., Inc. v. Lerma***, 288 S.W.3d 922, 926 (Tex. 2009).  A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles.  ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985).  To obtain a new trial after a no-answer default judgment, a defendant must demonstrate that (1) his failure to answer was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) the granting of a new trial will not cause delay or otherwise injure the plaintiff.  ***Craddock v. Sunshine Bus Lines Inc.***, 133 S.W.2d 124, 126 (1939); *see* ***B. Gregg Price, P.C. v. Series 1 – Virage Master LP***, 661 S.W.3d 419, 424 (Tex. 2023) (setting forth ***Craddock*** elements).  If a defendant meets all three elements of ***Craddock***, a trial court abuses its discretion if it fails to grant a new trial.  ***Dolgencorp***, 288 S.W.3d at 926; *see also* ***Holt Atherton Indus., Inc. v. Heine***, 835 S.W.2d 80, 86 (Tex. 1992) (holding that "[A]n adjudication on the merits is preferred in Texas.").

The first element of ***Craddock*** is satisfied when the defendant's factual assertions, "if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." ***Milestone Operating, Inc. v. ExxonMobil Corp.***, 388 S.W.3d 307, 310 (Tex. 2012).  In determining whether the defendant's factual assertions are controverted, a court looks to all the evidence in the record. ***In re R.R.***, 209 S.W.3d 112, 115 (Tex. 2006).  Consciously indifferent conduct occurs when the defendant knew he was sued but did not care.  ***Sutherland v. Spencer***, 376 S.W.3d 752, 755 (Tex. 2012).  "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to answer was not because the defendant did not care.'" ***Id***. (quoting ***In re R.R.***, 209 S.W.3d at 115).  A defendant's failure to respond "must arise from more than mere negligence, and the element of conscious indifference can be overcome by a reasonable explanation." ***In re Marriage of Sandoval***, 619 S.W.3d 716, 721 (Tex. 2021). "[A]n excuse can be reasonable if it is based on a mistake of law that led to an intentional act." ***Id***.  Proof of justification for the defendant's failure to file an answer negates intent or conscious indifference. ***Anderson v. Anderson,*** 282 S.W.3d 150, 153 (Tex. App.—El Paso 2009, no pet.).

With respect to the second element of *Craddock*, "[a] meritorious defense is one that, if proved, would cause a different result upon a retrial of the case, although it need not be a totally opposite result." *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied). "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Dolgencorp*, 288 S.W.3d at 927-928 (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). "Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id*. at 928. If the defendant meets these requirements, the court should not consider controverting evidence offered by the nonmovant. *Id*.

The third element of *Craddock* is intended "to protect a plaintiff against the sort of undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial, 'such as a loss of witnesses or other valuable evidence.'" *Id*. at 929 (quoting *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994)). With respect to the third element of *Craddock*, courts should deal with the facts on a case-by-case basis to do equity. *Hahn v. Whiting Petroleum Corp.*, 171 S.W.3d 307, 311 (Tex. App.—Corpus Christi 2005, no pet.) (citing *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986)). A defendant's offer to reimburse the plaintiff for costs associated with obtaining the default judgment and his statement that he is prepared for trial immediately are factors the court should consider. *Id*. (citing *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987)). Once a defendant alleges that granting a new trial will not injure the plaintiff, the burden of proof shifts to the plaintiff to demonstrate injury. *Dolgencorp*, 288 S.W.3d at 929.

**Analysis**

As discussed above, to obtain a new trial after a no-answer default judgment, Haldeman had to demonstrate that his failure to answer was an accident or mistake rather than intentional or the result of conscious indifference. *See Craddock*, 133 S.W.2d at 126. In his affidavit, Haldeman explained that he was served with citation, and he scheduled a meeting with Money before the answer was due in an attempt to resolve the dispute. Haldeman averred that he did not file an answer because, as a result of the meeting with Money, he believed the case would be "on hold" while the parties attempted to settle it. Haldeman's factual assertions regarding the substance of his conversation with Money were controverted by the affidavits of Money and Henry, both of

6

which stated that during the meeting, Money only agreed to allow Haldeman a one-week extension of time to file his answer.

Although Haldeman's excuse for not filing an answer might not be a good one, it nevertheless reasonably explains his mistaken subjective belief that he was not required to file an answer because the case would be on hold while settlement negotiations were pending. *See Sutherland*, 376 S.W.3d at 755. Moreover, although the record contains conflicting affidavits regarding the precise content of the discussions that occurred during the meeting between Haldeman and Money, the fact that Haldeman contacted Money in an attempt to resolve the dispute negates any inference that Haldeman did not care that he had been sued, and Haldeman's affidavit explains his mistaken subjective belief that the case would be on hold during settlement negotiations. *See id.*; *see also In re Marriage of Sandoval*, 619 S.W.3d at 721; *Anderson*, 282 S.W.3d at 153. The affidavits of Money and Henry confirm that Haldeman was mistaken, but their affidavits do not prove conscious indifference. We conclude that Haldeman demonstrated that his failure to file an answer was the result of a mistake rather than intentional or due to conscious indifference, and he therefore satisfied the first prong of *Craddock*.

The second prong of *Craddock* required Haldeman to set up a meritorious defense in his motion for new trial. *See Craddock*, 133 S.W.2d at 126. As discussed above, Haldeman averred that Posey breached their agreement by only providing labor for ten days, and he asserted that he is entitled to an offset for the cost of the Can Am UTV, a truck, and reasonable rental value for Posey's use of the equipment. We conclude that Haldeman alleged facts which would constitute a meritorious defense to Posey's cause of action, and Haldeman's allegations were supported by his affidavit, which provided prima facie proof of his alleged defenses. *See Dolgencorp*, 288 S.W.3d at 927-28. Therefore, Haldeman satisfied the second element of *Craddock*. *See id.*; *Craddock*, 133 S.W.2d at 126.

The third element of *Craddock* required Haldeman to show that granting a new trial would not cause delay or otherwise injure Posey. *See Craddock*, 133 S.W.2d at 126. As mentioned above, Haldeman stated in his motion for new trial that he is ready to proceed to a trial on the merits and is willing to reimburse Posey for reasonable costs and expenses incurred in obtaining the default judgment. *See Hahn*, 171 S.W.3d at 311. The trial court was required to consider Haldeman's statements indicating his readiness for immediate trial on the merits and his willingness to reimburse Posey's reasonable costs in obtaining the default judgment. *See id.*

Haldeman's allegation that a new trial would not cause delay or injure Posey shifted the burden of proof to Posey to demonstrate injury. *See **Dolgencorp***, 288 S.W.3d at 929. Posey did not allege or demonstrate that granting a new trial would result in loss of evidence or unavailability of witnesses. *See **id***. Posey's response to Haldeman's motion for new trial did not demonstrate that the granting of a new trial would injure him; rather, his response simply expressed his desire to collect on the default judgment against Haldeman and noted the expenses he incurred in obtaining and defending the default judgment. Posey does not address the third ***Craddock*** element in his appellate brief. We conclude that Haldeman satisfied the third prong of ***Craddock***.

Because Haldeman satisfied all three elements of ***Craddock***, we conclude that the trial court abused its discretion by denying his motion for new trial. *See **Dolgencorp***, 288 S.W.3d at 926. Accordingly, we sustain issue one. Because we sustain issue one, we need not address Haldeman's remaining issues. *See* TEX. R. APP. P. 47.1; ***Ivy***, 407 S.W.2d at 214 (holding that relief for defaulting defendant who files successful motion for new trial is setting aside default judgment).

## DISPOSITION

Having sustained issue one, we ***reverse*** the trial court's default judgment and ***remand*** the cause for a new trial in accordance with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2024**

**NO. 12-23-00069-CV**

**TOBY HALDEMAN,**
Appellant
V.
**THOMAS POSEY,**
Appellee

---

Appeal from the 354th District Court

of Rains County, Texas (Tr.Ct.No. 11319)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this court; all costs of this appeal are assessed against Appellee, **THOMAS POSEY**, for which let execution issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*